IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ERIC THOMPSON<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.<br><br>    Defendant. | CASE NO.  2:16-cv-973-CWH |

# COMPLAINT

### (Jury Trial Demanded)

Now comes the plaintiff, Eric Thompson ("Thompson") and for his Complaint against the defendant, First Advantage Background Services, Corp. ("First Advantage") states as follows:

### NATURE OF THE ACTION

1. Congress passed the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA") to protect consumers from the harm caused by inaccurate background reporting. The FCRA requires, among other things, that all consumer reporting agencies ("CRAs") that report criminal background information to employers adopt and implement procedures that "assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

2. Thompson is a victim of First Advantage's failure to maintain such procedures, which led to the reporting of pardoned offenses to Lowe's, Thompson's potential employer, who in turn denied him employment.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in this District.

**THE PARTIES**

5. Thompson is, and at all times relevant hereto was, an individual over the age of 18 and a resident of Charleston, South Carolina.

6. First Advantage is a Florida corporation that conducts business throughout the United States, including within this District.

7. At all times pertinent hereto, First Advantage was a consumer reporting agency ("CRA") as defined by 15 U .S.C. § 1681a(f).

**FACTUAL ALLEGATIONS**

8. The FCRA regulates the collection, maintenance, and disclosure of consumer information by CRAs, including public record information. The statute sets forth specific requirements that CRAs conducting background checks are required to follow. Among other things, every CRA "shall maintain reasonable procedures designed to avoid" disclosure of "adverse items of information" other than those set forth in 15 U.S.C. § 1681c (15 U.S.C. § 1681e(a)), and "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

9. Despite the clear and unambiguous requirements of the FCRA, First Advantage failed to utilize reasonable procedures to assure maximum possible accuracy of the adverse

information it reported to Lowe's.

10. In December 2014, Thompson was hired by Lowe's as an Exterior Home Specialist pending a background investigation conducted by First Advantage. As part of Lowe's employment screening process, it asks an application to state whether he has been convicted of or plead guilty to or nolo contendere to or no contest to, a felony or misdemeanor.

11. Lowe's instructs applicants that the above inquiry excludes expunged, dismissed, erased, pardoned or impounded criminal convictions:



12. In April 2007, Thompson was convicted of felonies in the Charleston, South Carolina Circuit Court under Case Number K021786 and K021425. Thompson was pardoned for both cases in November 2012, two years before applying for employment with Lowe's.

13. As the Lowe's application instructs, Thompson did not disclose these pardoned offenses.

14. On or about December 22, 2014, Lowe's procured Thompson's First Advantage

3

criminal background report which erroneously reported that Thompson was convicted of the felonies contained in Case Number K021786 and K021425 without making any reference to his pardons.

15. The Circuit Court clerk's online docket states clearly the current status of these records:

**The State of South Carolina VS Eric Charles Ray Thompson**

| Case Number: | K021425 | Court Agency: | General Sessions | | Filed Date: | 10/17/2005 |
|---|---|---|---|---|---|---|
| Case Type: | Criminal-Clerk | Case Sub Type: | | | | |
| Status: | Disposed | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | Disposition Judge: | Hughston, Thomas L |
| Disposition: | Pled Guilty | | | | | |
| Disposition Date: | 04/03/2007 | Date Received: | 10/17/2005 | | Arrest Date: | 10/13/2005 |
| Law Enf. Case: | 200522039 | True Bill Date: | | | No Bill Date: | |
| Prosecutor Case: | | Indictment Number: | 2006GS1002040 | | Waiver Date: | |
| Probation Case: | | | | | | |

Case Parties   Charges   Sentencing   Associated Cases   Actions   Financials   Bonds

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Thompson, Eric Charles Ray | Certificate/Certificate of Pardon | Filing | | 11/13/2012-16:38 | | |

**The State of South Carolina VS Eric Charles Ray Thompson**

| Case Number: | K021786 | Court Agency: | General Sessions | | Filed Date: | 10/17/2005 |
|---|---|---|---|---|---|---|
| Case Type: | Criminal-Clerk | Case Sub Type: | | | | |
| Status: | Disposed | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | Disposition Judge: | Hughston, Thomas L |
| Disposition: | Pled Guilty | | | | | |
| Disposition Date: | 04/03/2007 | Date Received: | 10/17/2005 | | Arrest Date: | 10/13/2005 |
| Law Enf. Case: | 200522039 | True Bill Date: | | | No Bill Date: | |
| Prosecutor Case: | | Indictment Number: | 2006GS1002051 | | Waiver Date: | |
| Probation Case: | | | | | | |

Case Parties   Charges   Sentencing   Associated Cases   Actions   Financials   Bonds

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Thompson, Eric Charles Ray | See Case K021425 For Additional Actions | Filing | | 01/01/2011-00:00 | 01/01/2011-00:00 | |

16. Upon information and belief, First Advantage made no effort to consult the online docket, which was accessible from any internet connection, including from First Advantage's office in India.

17. First Advantage provided another report to Lowe's on December 29, 2014, which also erroneously stated Thompson's criminal record. Not only was the report inaccurate, but it was also misleading as it contained redundant information that made Thompson's record appear more serious than it is.

18. On or about December 29, 2014 and December 30, 2014, Lowe's informed

4

Thompson in writing that it may rescind his employment based upon the First Advantage report. Upon information and belief, Lowe's had already determined to rescind Thompson's employment at that time.

19. Immediately on December 30, 2014, Thompson contacted First Advantage to dispute the information contained in the report provided to Lowe's. Thompson's dispute included a copy of his Certificate of Pardon, which contained his full social security number.

20. The next day, Praju Sajeevan, a "Verification Executive" at First Advantage's Bengaluru, India office, responded in writing that Thompson must provide his "background check case ID number and/or [his] full name so that we can investigate this information for you."

21. Thompson's Certificate of Pardon already contained his full name and his social security number was sufficient to identify his consumer report among the countless reports supplied to Lowe's.

22. Despite the fact that Thompson disputed the report within one day of receiving notice that inaccurate information had been furnished about him, Lowe's did not suspend the hiring process for his position.

23. Indeed, on January 6, 2015, Lowe's advised Thompson in writing that he would absolutely not be hired because of his First Advantage report.

24. First Advantage did not complete its reinvestigation of Thompson's dispute until January 22, 2015, at which time First Advantage finally reported for the first time that Thompson had been pardoned for the offenses identified in the previous First Advantage reports.

25. Upon information and belief, Lowe's had already hired another candidate for Thompson's intended position by the time First Advantage completed its reinvestigation.

## FOR A FIRST CAUSE OF ACTION

## (Violation of 15 U.S.C. § 1681e(b))

26. Thompson realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

27. First Advantage willfully violated 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to ensure that Thompson's pardoned offenses would be accurately reported, or not reported at all where a third party expressly excludes pardoned offenses from eligibility determinations. First Advantage is therefore liable to Thompson for actual and punitive damages, costs and attorneys' fees incurred in the prosecution of this action pursuant to 15 U.S.C. § 1681n.

28. Alternatively, First Advantage negligently violated 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to ensure that Thompson's pardoned offenses would be accurately reported, or not reported at all where a third party expressly excludes pardoned offenses from eligibility determinations. First Advantage is therefore liable to Thompson for actual damages, costs and attorneys' fees incurred in the prosecution of this action pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Thompson prays that the Court enter judgment in his favor and against First Advantage, and award him:

    a. Actual damages;

    b. Punitive damages;

    c. His court costs and attorney fees; and

    d. Any other relief this Court deems equitable and just.

Respectfully Submitted,

DAVE MAXFIELD, ATTORNEY, LLC

By:  \_s/ Dave Maxfield_____
David A. Maxfield, Fed. ID 6293
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

O'TOOLE, McLAUGHLIN, DOOLEY
& PECORA, CO., LPA

Matthew A. Dooley (0081482)
Anthony R. Pecora (0069660)
5455 Detroit Road
Sheffield Village, Ohio  44054
(440) 930-4001
(440) 934-7208 (fax)
apecora@omdplaw.com
mdooley@omdplaw.com

*(To be Admitted Pro Hac Vice)*

*Counsel for Eric Thompson*

Dated: March 28, 2016

Charleston, South Carolina

7